**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
STEVEN FRANK,

                    Plaintiff,

        - against -

COSTCO WHOLESALE CORPORATION,

                    Defendant.
----------------------------------------------------------X

                                **ORDER ON MOTION**

                                CV 18-4532 (DRH) (AKT)

      Plaintiff filed a letter motion seeking to strike the "errata" sheet provided by Defendant Costco subsequent to the deposition of Costco's witness Michael Fazio.  *See* DE 44.  Fazio worked at the Nesconset Costco where the incident underlying this lawsuit occurred and was involved in the preparation of the Incident Report.  *Id.*  Plaintiff contends that the errata sheet was untimely and that in it, Fazio "made material changes" to certain "critical testimony, implying that his testimony regarding store policy may have been inaccurate."  *Id*.  As a result, Plaintiff seeks to have the errata sheet stricken as untimely and because of the "critical alterations" contained in it.  *Id*.  Quoting a case from the Southern District of Ohio, Plaintiff's counsel states that "Rule 30(e) does not allow one to alter what was said under oath."  *Id.* (quoting *Tuttle v. Tyco Elecs. Installation Servs., Inc*., No. 2:06-cv-581, 2008 WL 343178 at *4 (S.D. Ohio, Feb. 7, 2008).

      Costco opposes the motion on several grounds.  First of all, Costco maintains that the errata sheet was timely served.  *See* DE 47.  Having reviewed Costco's opposition and the exhibits attached to it, the Court concurs.  As to the timeliness issue, therefore, there is no issue. As to the substance of the changes, Costco argues that "the changes to Mr. Fazio's testimony were minimal and sought only to clarify the testimony."  *Id*.  Costco contends that such changes

are "appropriate and permitted in this Court," relying on *HR U.S. LLC v. Mizco Intern., Inc.,* 07-CV-2394, 2010 WL 3924548, at *8-9 (E.D.N.Y. Sept. 29, 2010). Counsel for Costco then parses through several excerpts of Fazio's testimony and states that the errata sheet "simply clarifies the testimony regarding how he assists members" and "contains an explanation for each change." DE 47. According to counsel, the changes do "not substantially alter [Fazio's] testimony" and that such changes are permitted in the Second Circuit. *Id*.

Rule 30(e)(1) provides that "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days ... to review the transcript ... and if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed.R.Civ.P. 30(e)(1). Although the Circuits are split with regard to the scope of permissible changes which may be made to a deposition transcript, the Second Circuit has "allowed deponents to make any change, in form or substance, to their deposition transcript." *N. Trade U.S., Inc. v. Guinness Bass Imp. Co*., No. 3:03-CV-1892, 2006 WL 2263885, at *2 (D. Conn. Aug. 7, 2006) (citations omitted); *see In re Weatherford Int'l Sec. Litig.,* 11 Civ. 1646, 2013 WL 4505259 at *4 (S.D.N.Y. Aug. 23, 2013) ("'Courts in the Second Circuit construe Rule 30(e) broadly, permitting any changes to the deposition to be considered as part of the record, even where they contradict the original answers.'"), *quoting Samad Bros., Inc. v. Bokara Rug Co.,* 09 Civ 5843, 2012 WL 43613 at *8 (S.D.N.Y. Jan.9, 2012). In the case perhaps most often cited by litigants concerning this issue, the Second Circuit has explained that "the language of the Rule places no limitations on the type of changes that may be made ... nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes, even if those reasons are unconvincing." *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d

2

98, 103 (2d Cir. 1997) (citations and internal quotation marks omitted).  In *Podell*, the Second

Circuit went on to point out that

> when a party amends [her] testimony under Rule 30(e), [t]he
> original answer to the deposition questions will remain part of the
> record and can be read at the trial .... Nothing in the language of
> Rule 30(e) requires or implies that the original answers are to be
> stricken when changes are made .... [B]ecause [a]ny out-of-court
> statement by a party is an admission, a deponent's original answer
> should [be] admitted [into evidence] even when [she] amends [her]
> deposition testimony—with the deponent [o]f course ... free to
> introduce the amended answer and explain the reasons for the
> change.

*Id*. at 103.

Having reviewed the transcript excerpts and the errata sheet, the Court here finds that

witness Fazio did provide a reason for each change, albeit a one-word rationale:  "clarification."

The Court points out that the changes on the errata sheet in certain instances are more than a

clarification -- they essentially add testimony.  However, under the law in this Circuit, this errata

sheet is permissible and will not be stricken.  *See Fleming v. Costco Wholesale Corp.,* 17 CV

2878, 2020 WL 2404907, at *4 (E.D.N.Y. May 12, 2020) (finding that although he plaintiff's

correction sheet was "unusual, to say the least" where plaintiff made "substantive changes to her

testimony that bear on central issues of the case, going so far as to change answers from "no" to

"yes," under Second Circuit caselaw, courts "construe Rule 30(e) broadly, permitting any

changes to the deposition to be considered as part of the record").  The changes, however, "'will

not have the effect of replacing or deleting any of [the witness'] deposition testimony.'"

*Maynard v. Stonington Community Ctr.*, 3:15 CV 483, 2016 WL 2869740, at *1 (D. Conn. May

17, 2016) (quoting *Thompson v. Workmen's Circle Multicare Ctr.*, No. 11 CIV. 6885, 2015 WL

4591907, at *6 (S.D.N.Y. June 9, 2015).  It is important to note that the prior – and presumably

3

less advantageous -- testimony is not expunged from the record.  Rather, the witness' "changed answers become part of the record generated during discovery." *Podell*, 112 F. 3d at 103; *see N. Trade U.S.*, 2006 WL 2263885, at *2 ("[T]he deponent may be cross-examined and impeached by any inconsistencies in [her] testimony .... [T]he finder of fact may make a determination as to the credibility of the deponent, thus reducing the risk that the record can be manipulated .... For this reason, there will be no prejudice to the defendant if [plaintiff]'s changes are not stricken from the record.") (citations omitted); *Thompson,* 2015 WL 4591907, at *6 ("Thus, defendant remains free to submit plaintiff's original deposition testimony into evidence; however, whether the deposition transcript or the errata sheets are controlling will be an issue for the fact finder and is not a basis for striking plaintiff's errata sheets.).

For the foregoing reasons, Plaintiff's motion to strike the errata sheet of Costco witness Michael Fazio is DENIED.

**SO ORDERED**

DATED:  Central Islip, New York
        November 30, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge