UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

STEVEN FRANK,

                Plaintiff,

   -against-                                  **ORDER**

                                               CV 18-4532 (DRH) (AKT)

COSTCO WHOLESALE CORPORATION,

                Defendant.


----------------------------------------------------------------X

**ANNE Y. SHIELDS, Magistrate Judge:**

      Presently before the Court is Plaintiff's motion to compel the production of nationwide discovery regarding any accidents, claims, or lawsuits similar to that at issue in the instant action. (DE [32].) Plaintiff initially requested this discovery at the March 20, 2019 discovery status conference held before then-assigned Magistrate Judge Tomlinson. (March 20, 2019 Civil Conference Minute Order ("CCMO"), DE [17].) Judge Tomlinson denied Plaintiff's request at that time and limited discovery to the store where Plaintiff's accident occurred. (Id.) Thereafter, Plaintiff conducted a Rule 30(b)(6) deposition of the corporate Defendant. (DE [32].) Based on the testimony elicited from the Rule 30(b)(6) deponent, Plaintiff renewed his request for nationwide discovery on July 23, 2019. (Id.)

      On August 13, 2019, Judge Tomlinson held a second status conference, during which several discovery motions were discussed, including the instant motion. (August 13, 2019 CCMO, DE [51].) At this conference, a question arose as to whether the Court denied Plaintiff's initial request for nationwide discovery at the March 20, 2019 conference, while still preserving the right to renew the request. (Id.) To the extent that Plaintiff filed the instant motion in

accordance with a verbal directive made by the Court at the March 20, 2019 conference, Plaintiff was directed to file the transcript of the conference with the Court for further consideration.  (Id.)

Plaintiff thereafter filed the transcript of the March 20, 2019 conference.  (March 20, 2019 Conference Transcript, DE [38].)  On October 27, 2021, the action was reassigned to this Court.  Having reviewed the transcript from the March 20, 2019 conference, as well as the docket in its entirety, the Court finds that Plaintiff's initial request was denied with leave to renew if there was a good faith reason to do so after exploring the issue at the anticipated Rule 30(b)(6) deposition.  (March 20, 2019 Conference Tr. 11:6 to 11:19, 19:24 to 20:2.)  In light of this ruling, the Court has considered Plaintiff's renewed request for nationwide discovery.

In support of his motion, Plaintiff relies on the testimony of Defendant's Rule 30(b)(6) deponent, John Corey O'Connell.  Although Plaintiff's motion is slightly confusing, the gist of Plaintiff's argument is that evidence of similar accidents that occurred nationwide is relevant to whether Defendant had notice of the unsafe and hazardous conditions which ostensibly caused Plaintiff's injuries.  Specifically, citing to the testimony of O'Connell, Plaintiff argues that Costco stores nationwide had a uniform policy:  (1) to only assist customers with lifting heavy items if the customer affirmatively asked for assistance; and (2) not to provide any written warnings regarding the weight of their heavier products or advising customers to seek assistance before lifting their heavier products.  (DE [32] at 2.)  Moreover, based on the testimony of O'Connell, Plaintiff contends that all accident reports are maintained by Cotsco corporate.  (Id.)

Based on this evidence, Plaintiff seemingly draws the conclusion that Costco corporate was aware of all nationwide accidents arising from customers attempting to lift heavy products and that these accidents provided notice to Costco corporate as to the hazardous and unsafe conditions which caused Plaintiff's injuries at the Costco Nesconset location because the

accidents ostensibly occurred as a result of the same hazardous and unsafe conditions at issue here.  (Id. at 2-3.)  Plaintiff is attempting to impute any notice that Costco corporate had in relation to other locations onto the Costco Nesconset location, even if no such similar accidents ever occurred at this location.

The Court notes that Plaintiff does not cite to any legal authority which would support imputing notice to the Costco Nesconset location in such a manner.  When Plaintiff's counsel first presented this legal theory to Judge Tomlinson at the March 20, 2019 Conference, the Court acknowledged that notice with respect to the Costco Nesconset location was significant, but questioned whether any legal authority existed to support imputing any notice Costco corporate arguably had at another Costco location onto the Nesconset location.  (March 20, 2019 Conference Tr. 10:20 to 11:12.)  In response, Plaintiff's counsel advised that he would brief the issue in any renewed application before the Court.  (Id.)  In the instant motion, Plaintiff did not brief this issue and instead simply included the general legal principles that guide the production of information that is relevant under Rule 26(b).  In doing so, Plaintiff's counsel misstates the definition of "relevance" under Rule 26(b) and cites to inapplicable legal authority which pre-dates the 2015 amendments to the rule.  (DE [32] at 3 ("[T]his Court citing …. defined 'Relevance 'under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.") (citations omitted).)

Rule 26(b)(1), as amended in December 2015, provides that a party is entitled to discovery on any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  "The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing

3

expedition." Mamakos v. United Airlines, Inc., No. 14-CV-7294, 2018 WL 4861392, at *2 (E.D.N.Y. Sept. 28, 2018) (citations omitted).  Plaintiff, as the party seeking discovery, bears the initial burden of proving the discovery is relevant.  See Citizens Union of City of New York v. Attorney Gen. of New York, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017); Winfield v. City of New York, No. 15-CV-5236, 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018) ("The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive.").  Because Plaintiff has not included any legal authority in support of imputing notice to the Costco Nesconset location in the manner suggested, Plaintiff has not sufficiently made" a prima facie showing that the discovery sought is more than merely a fishing expedition." Mamakos, 2018 WL 4861392, at *2.

Accordingly, Plaintiff's motion to compel the production of nationwide discovery regarding any accidents, claims, or lawsuits similar to that at issue in the instant action is denied.

As stated on the record during the status conference held today, the parties agree that, subject to the instant motion, fact discovery is closed.  Having denied the instant motion, the Court deems fact discovery closed.  All expert discovery shall be completed by February 17, 2022.  Any party seeking to make a dispositive motion shall initiate that process, consistent with Judge Hurley's Individual Rules, on or before March 17, 2022.  A joint pre-trial order shall be filed on or before April 18, 2022.

A status conference will be held before this Court on February 28, 2022 at 11:00 a.m., by telephone.  All counsel shall call the AT&T Teleconference Center at (877) 810-9415 at the time of the conference and enter Access Code 9005911 when prompted.

**SO ORDERED.**

Dated: Central Islip, New York
November 18, 2021

                                                 /s/ Anne Y. Shields
                                                 Anne Y. Shields
                                                 United States Magistrate Judge