UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVEN FRANK,

                                       Plaintiff,

        -against-

COSTCO WHOLESALE CORPORATION,

                                       Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
3/29/2023 10:53 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
18-CV-04532 (JMA) (AYS)

**AZRACK, United States District Judge:**

        At a conference held on March 28, 2023, the Court denied Defendant Costco Wholesale Corporation's motion for summary judgment because Plaintiff Steven Frank has raised triable issues of fact in his opposition to Defendant's motion. (See Minute Entry dated March 28, 2023, ECF No. 62.) The Court writes now to briefly explain the grounds for its decision, and assumes the parties' familiarity with the record in this case.

        Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court therefore must "draw all factual inferences and resolve all ambiguities in favor of the non-moving party." Coyle v. United States, 954 F.3d 146, 148 (2d Cir. 2020) (citing Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 69 (2d Cir. 2015)).

        The elements of Plaintiff's negligence claim are well-settled. Under New York law, "a tort plaintiff seeking to prove a defendant's negligence must show: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result

thereof.'" Borley v. United States, 22 F.4th 75, 78 (2d Cir. 2021) (quoting Akins v. Glens Falls City Sch. Dist., 53 N.Y.2d 325, 333 (1981)).

The first element of Plaintiff's negligence claim—the existence of a duty—is not disputed here. As both sides agree, in this premises liability case the "duty" at issue is Defendant's common-law responsibility to show due care to customers by "maintain[ing] its premises in a reasonably safe condition." Borley, 22 F.4th at 78–79 (quoting Kellman v. 45 Tiemann Assocs., Inc., 87 N.Y.2d 871, 872 (1995)). However, the Court finds that there are genuine issues of material fact as to the second and third elements of Plaintiff's claim—breach of duty and causation—that preclude summary judgment.

First, to establish a "breach of duty," Plaintiff must show that Defendant either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness. Borley, 22 F.4th at 79 (citing Walsh v. Super Value, Inc., 904 N.Y.S.2d 121, 125 (2d Dep't 2010)). Defendant argues that there is no evidence that it breached its duty to Plaintiff because it neither created a dangerous condition nor had actual or constructive knowledge of a dangerous condition. Drawing all reasonable inferences in Plaintiff's favor as the non-movant, as required at this stage, see Coyle, 954 F.3d at 148 (citation omitted), the Court disagrees.

There is a triable issue of fact as to whether Defendant created a dangerous condition by displaying for sale generators weighing more than 200 pounds, stacked on top of one another. Even if the resulting danger was open and obvious, as Defendant argues, that "merely eliminates [Defendant]'s duty to warn of the hazard, but does not eliminate the broader duty to maintain the premises in a reasonably safe condition." Borley, 22 F.4th at 82 (quoting Aberger v. Camp Loyaltown, Inc., 142 N.Y.S.3d 528, 532 (1st Dep't 2021)).

2

A triable issue of fact also exists as to whether Defendant had actual notice of the condition's danger—specifically, whether it was Defendant's policy to require employees, not customers, to lift heavy items such as the generator at issue.

Defendant points to testimony from a store manager stating that no such policy existed at the time of Plaintiff's injury. (O'Connell Decl., ECF No. 61-4.) In response, Plaintiff submits declarations from two of Defendant's employees, filed in a completely unrelated litigation before another court. (Phillips Decl., ECF No. 60-4; Pattee Decl., ECF No. 60-5.) Plaintiff did not identify these employees as Rule 26 witnesses and offers no explanation for his failure to do so. The Court agrees with Defendant that these declarations should be excluded under Rule 37(c) due to Plaintiff's failure to explain his non-compliance with Rule 26. See Charles v. Cty. of Nassau, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015) (identifying relevant factors to consider on Rule 37 motion) (citing Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006)). In any event, even if the Court were to consider the declarations, they would be insufficient to create a genuine factual dispute for the reasons stated by Defendant in its reply brief.

However, there is other evidence in the record that, contrary to Defendant's assertions, suggests that Defendant did in fact maintain a policy that required employees to lift heavy items for customers. Plaintiff points to the deposition testimony of Defendant's employee Michael Fazio. Fazio initially testified at his deposition that at the time of Plaintiff's injury, it would have been against Defendant's policy for an employee to ask a customer to help transport heavy items, such as the 220-pound generator at issue. (Fazio Dep. Tr. 40:20–41:14, ECF No. 60-1.) Fazio later fundamentally changed that testimony in his errata sheet, denying that any such policy existed. (Id. 139.) Defendant claims that because Fazio subsequently "clarifi[ed]" his testimony, there is no evidence that it maintained such a policy. However, as Magistrate Judge Tomlinson previously explained, Fazio's "prior—and presumably less advantageous—testimony is not

3

expunged from the record" by virtue of his errata sheet. (ECF No. 52 at 3–4.) Indeed, Fazio's "changed answers become part of the record generated during discovery." (Id. at 4 (quoting Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 103 (2d Cir. 1997).) Therefore, the Court may—and has—considered Fazio's conflicting deposition testimony here.

The Court finds that this case is closely analogous to Boutsis v. Home Depot, 371 F. App'x 142 (2d Cir. 2010), another premises liability action in which a store employee offered similarly conflicting testimony regarding the existence of a store policy requiring employees to lift heavy items. See id. at 144. In light of the employee's conflicting testimony, the Second Circuit held that the district court "was wrong to conclude that there was no evidence that [the defendant] had notice of a dangerous condition and to grant summary judgment on this basis," and therefore the district court had erred in granting the defendant's summary judgment motion. Id. The Court adopts the reasoning of Boutsis here. Thus, because there is sufficient evidence on which a jury could reasonably find that Defendant created a dangerous condition and/or had actual notice of a dangerous condition, summary judgment is denied.

Second, turning to causation, Defendant's contention that it should be relieved of liability because of Plaintiff's own negligence in lifting the box completely misses the mark. This argument goes to Plaintiff's comparative negligence, and "it is clear under New York law that the issue of comparative negligence is a question of fact proper for determination by a jury." Boutsis, 371 F. App'x at 144 (citing Tuthill v. United States, 270 F. Supp. 2d 395, 399 (S.D.N.Y. 2003) ("It is well settled that comparative negligence must be determined by a jury, and therefore cannot be decided on a summary judgment motion.")). Because the issue of Plaintiff's comparative negligence cannot be resolved at summary judgment, the motion is denied.

For the foregoing reasons, Defendant's motion for summary judgment is DENIED.

**SO ORDERED.**

Dated:  March 29, 2023
Central Islip, New York

                                                                    /s/   (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE